UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALLAS LEWIS, | No. 2:18-cv-01689-KJM-EFB |
| Plaintiff, | ORDER |
| v. | |
| RICHARD SIM BULLOCK, II, an individual; D&R Development, LLC, a California Limited Liability Company; DOES 1 through 10, inclusive, | |
| Defendants. | |

After defendants Richard Sim Bullock II and D&R Development, LLC, removed this action to federal court, plaintiff Dallas Lewis moved to remand. For the following reasons, the court GRANTS plaintiff's motion.

I. BACKGROUND

D&R Development, LLC (D&R) was formed in December 2015 to acquire, improve, and develop real property and exploit agricultural business opportunities. Removal Not. Ex. A, Compl.,[1] ECF No. 1 ¶ 1.[2] A January 7, 2016 Statement of Information filed with the

---

[1] The complaint, attached as Exhibit A to defendants' notice of removal, is provided at ECF No. 1 at 8-27.

[2] All ECF page citations reference the ECF pagination, not the documents' internal pagination.

1

California Secretary of State lists Lewis, Bullock, and Bullock's wife, Ana Magdalena Bullock, as the members of D&R. *Id.*; *see id.* Ex. B (Jan. 7, 2016 statement of information).

In March 2016, as part of D&R's venture, Lewis paid Bullock $38,250 to invest in a 9.7 acre parcel of property in Ruth, California. Compl. ¶ 2. Bullock and Lewis agreed they would each hold a 50 percent interest in the property. *Id.* After Bullock made the investment in April 2016, he recorded a grant deed for the property that named Bullock as the sole title-holder, with plans to add Lewis to the title at a later date. *Id.* ¶ 3; *see id.* Ex. C (grant deed). Bullock never added Lewis to the title. Compl. ¶ 3. Instead, on December 26, 2017, without Lewis's knowledge or agreement, Bullock filed a second Statement of Information with the California Secretary of State listing himself as the sole member and owner of D&R. *Id.* ¶ 4; *see id.* Ex. D (Dec. 26, 2017 Statement of Information). In addition to his initial $38,250 investment, Lewis invested approximately $80,000 in the property. *Id.* ¶ 5.

On May 10, 2018, Lewis sued Bullock and D&R in state court, alleging fraudulent misrepresentation, promissory fraud, breach of fiduciary duty, and making a claim to quiet title. *See id.* ¶¶ 11-35. Each claim names Bullock and no claim names D&R. *See id.* Defendants removed to federal court on June 8, 2018, claiming diversity jurisdiction. *See* Removal Not., ECF No. 1. Bullock contends he is a citizen of Louisiana. *Id.* at 2; *see* Compl. ¶ 7 (alleging "Defendant Richard Sim Bullock, II, is an individual residing in Covington, Louisiana"). When he filed this suit, Lewis was a resident of Auburn, California. Compl. ¶ 6 ("Lewis is an individual residing in the City of Auburn, County of Placer, State of California."). At some point after filing his complaint, however, Lewis moved to Louisiana where he continues to reside. Mot., ECF No. 8 at 3.

Lewis moves to remand this action to state court, arguing the parties are not diverse because Lewis (1) is a member of the LLC and (2) resides in Louisiana, as does defendant Bullock. Mot. at 2. Lewis also argues Bullock's counsel has a conflict of interest that precludes removal here. *Id.* at 5-6. Defendants oppose, Opp'n, ECF No. 10, and Lewis filed a reply, Reply, ECF No. 14. The court submitted the matter without oral argument and resolves it here.

///

II. LEGAL STANDARD

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, a defendant may remove it to federal court. 28 U.S.C. § 1441(a). There are two primary bases for federal subject matter jurisdiction: (1) 28 U.S.C. § 1331, which grants district courts federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States"; and (2) 28 U.S.C. § 1332, which grants district courts diversity-of-citizenship jurisdiction where the amount in controversy exceeds $75,000 and the parties' citizenships are completely diverse. 28 U.S.C. §§ 1331, 1332. "Diversity removal requires complete diversity, meaning that each plaintiff must be of a different citizenship from each defendant." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)).

The removal statute is strictly construed and doubts regarding the court's jurisdiction are resolved in favor of remand. *See Luther v. Countrywide Home Loans S, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). If removal is improper, "the district court lack[s] subject matter jurisdiction, and the action should [be] remanded to the state court." *Toumajian v. Frailey*, 135 F.3d 648, 653 (9th Cir. 1998), *abrogated on other grounds by Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004).

III. DISCUSSION

Defendants contend the court has diversity jurisdiction because the amount in controversy exceeds $75,000 and the defendants are citizens of Louisiana, establishing "complete diversity of citizenship." Removal Not. at 2. Notably, defendants do not affirmatively allege Lewis's residence or citizenship in their notice of removal. In contrast, Lewis contends the parties are not completely diverse because, although his complaint alleged he was "an individual residing in . . . [the] State of California," *see* Compl. ¶ 6, he has since "moved back to Covington, Louisiana, where he and defendant Richard Bullock are originally from." Mot. at 3; Lewis Decl., ECF No. 9 ¶ 6. Lewis therefore argues the court "lack[s] the requisite diversity of citizenship to support removal of this action." Mot. at 3.

///

Lewis's post-filing change in residence is of no moment here, as the court "measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing [of the complaint] . . . ." *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 571 (2004). The court applies this time-of-filing rule "regardless of the costs it imposes." *Id.* Thus, if Lewis was a California citizen at the time of filing, any subsequent change in his citizenship would not affect this court's jurisdiction.

Nonetheless, the court finds defendants have not met their burden in establishing that Lewis was domiciled in California (or elsewhere) when he filed his complaint, and, because they have not established Lewis's citizenship, they have not established complete diversity among the parties. For diversity jurisdiction purposes, a party is a citizen of the state in which he is domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A domicile is a "permanent home," where one resides and intends to remain or intends to return. *Id.* Thus, a person may reside in a state without being a citizen of that state. *Id.*; *see* Charles A. Wright, 13E Fed. Prac. & Proc. Juris. § 3612 (3d ed.) (2018) ("Domicile, therefore, has both a physical and a mental dimension and is more than an individual's residence, although the two typically coincide.") (footnote omitted).

Here, Lewis's complaint does not allege his domicile. It alleges only that he "is an individual residing in the City of Auburn, County of Placer, State of California." *See* Compl. ¶ 6. Courts often treat a person's residence as prima facie evidence of his domicile. *See Ervin v. Ballard Marine Constr., Inc.*, No. 16-cv-02931-WHO, 2016 WL 4239710, at *3 (N.D. Cal. Aug. 11, 2016) (collecting cases); *but see Houston v. Bank of Am., N.A.*, No. CV 14-02786 MMM (AJWx), 2014 WL 2958216, at *3 (C.D. Cal. June 25, 2014) (collecting cases finding defendant did not meet its burden in establishing plaintiff's citizenship by relying on plaintiff's residency alone). Here, defendants' deficient notice of removal coupled with Lewis's motion leave the court with significant doubts as to Lewis's citizenship. Lewis represents, for example, that he resided in California only "[i]n late 2017 and early 2018," and that he now resides in Louisiana where he previously attended school. Lewis Decl., ECF No. 9 ¶ 6. On the record before the court, it is impossible to determine where Lewis was domiciled before moving to California or

whether he moved to California with the intent to remain indefinitely.  Because a natural person has only one domicile, the court is unable to conclude that Lewis's limited residency in California, lasting a mere matter of months, established his domicile in California.  *See Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986) (noting change of domicile requires more than physical presence at new location; it requires evidence of intent to remain in new location indefinitely).

Defendants hardly attempt to meet their burden in response to plaintiff's motion.  Their notice of removal does not directly address Lewis's citizenship and their one-and-a-half page opposition states only, as relevant to this analysis, that "[p]laintiff cannot destroy diversity by changing his citizenship after he filed this lawsuit."  *See* Removal Not.; Opp'n.  Although the court may consult several factors to resolve disputes as to a party's domicile, defendants do not refer to those here or otherwise make any meaningful attempt to establish this court's jurisdiction.  *See Kyung Park v. Holder*, 572 F.3d 619, 624-25 (9th Cir. 2009) (noting in dispute as to domicile, court may consider party's "current residence; voting registration and practices; location of personal and real property; location of brokerage and bank accounts; location of spouse and family; membership in unions and other organizations; place of employment or business; driver's license and automobile registration; and payment of taxes") (citing *Lew*, 797 F.2d at 750).

Because the court is unable to determine whether the parties are diverse, it need not consider Lewis's other arguments in favor of remand.  *See* Mot. at 3-6 (arguing cause of action for quiet title should be heard in state court; alleging Bullock fraudulently filed December 26, 2017 statement of information omitting Lewis as a member of D&R, and D&R's domicile therefore includes Lewis's domicile; and arguing Bullock's counsel has conflict of interest that prevented him from consenting to removal on behalf of D&R).

Defendants have not met their burden in establishing diversity jurisdiction exists and the court therefore REMANDS this action to state court.  Defendants' motion to dismiss, ECF No. 5, is MOOT.

IT IS SO ORDERED.

DATED:  September 18, 2018.

UNITED STATES DISTRICT JUDGE

5